UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
FEB 2 0 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:25CR056 RWS/NCC |
| MATTHEW BRAASCH, and MARK ERNEY, | ) |
| Defendants. | ) |

## INDICTMENT

The Grand Jury charges that, at all times material to this Indictment, unless otherwise specified below:

## INTRODUCTION

1. During the scheme to defraud, Defendant Matthew Braasch ("Defendant Braasch") and Defendant Mark Erney ("Defendant Erney") stole over $1,400,000.00 from their employer, Restaurant S.S. To execute the scheme to defraud, Defendant Braasch and Defendant Erney made material misrepresentations to the company managers of Restaurant S.S. so that they could obtain and keep their company credit cards. Instead of using the company credit cards to pay for required restaurant expenses—as both Defendants falsely represented they would do and had done—Defendant Braasch and Defendant Erney used the company credit cards to purchase themselves furniture, vacations, and clothing, among other personal expenses, none of which was authorized by their victim employer.

2. Restaurant S.S. was a small business located in St. Louis County, Missouri, within the Eastern District of Missouri. Defendant Braasch and Defendant Erney were high-level employees of Restaurant S.S., entrusted with limited access to the company credit cards only to enable Defendant Braasch and Defendant Erney to make business expenses that were necessary in the operation of Restaurant S.S. Defendant Braasch was also tasked with payment of business expenses from the company checking account, such as payment of liquor sales taxes, other state taxes, and the payment of company credit card expenses.

## COUNTS ONE – FOUR
### (Wire Fraud: 18 U.S.C. § 1343)

3. Each of the above allegations is hereby incorporated by reference as if fully set forth herein.

**I.   The Scheme to Defraud**

4. Beginning by at least on or about February 1, 2020, and continuing through at least on or about February 19, 2025, in the Eastern District of Missouri, and elsewhere, the defendants,

**MATTHEW BRAASCH, and
MARK ERNEY,**

with the intent to defraud, devised and intended to devise a scheme and artifice to defraud Restaurant S.S. and to obtain money and property from Restaurant S.S. by means of material false and fraudulent pretenses, representations, and promises, as described further herein. Defendant Braasch and Defendant Erney undertook the actions detailed below as part of the scheme and artifice to defraud.

5. To obtain the company credit cards from the company managers of Restaurant S.S., Defendant Braasch and Defendant Erney falsely represented that they would only use the company credit cards to make necessary business expenses. In truth and fact, however, Defendant Braasch

and Defendant Erney used the company credit cards on hundreds of occasions to pay for purely personal expenses.

6. For example, on or about the dates listed below Defendant Braasch made the following unauthorized, personal expenses with a company credit card for Restaurant S.S.

| Purchase Date | Unauthorized Use of the Company Credit Card | Amount Spent |
|---|---|---|
| 1/30/2020 | Funding an outing at Top Golf in Chesterfield, Missouri | $1,606.89 |
| 12/30/2023 | Paying to store his RV | $2,460.00 |
| 12/31/2023 | Purchasing clothing purchase at Vineyard Vines | $1,672.48 |
| 1/2/2024 | Purchasing St. Louis Cardinals tickets | $5,425.00 |
| 1/10/2024 | Funding a Disney World vacation | $2,681.83 |

7. In addition to the specific unauthorized transactions referenced above, Defendant Braasch also used a Restaurant S.S. company credit card to spend $81,965.58 on personal expenses at Target, to purchase $29,801.12 worth of clothing for himself at Vineyard Vines, to spend $39,634.55 on personal expenses from Amazon, and to finance over $10,000 in local hotel stays for a personal acquaintance.

8. Defendant Erney made the following unauthorized, personal expenses—among others—with a company credit card for Restaurant S.S. on or about the dates listed below.

| Purchase Date | Unauthorized Use of the Company Credit Card | Amount Spent |
|---|---|---|
| 10/02/2021 | Purchasing a couch on Amazon | $2,045.07 |
| 11/19/2021 | Purchasing another couch for his home from Hydeline Furniture | $3,599.00 |
| 7/4/2023 | Funding an outing at Sasha's on Demun | $882.01 |

9. In addition to the specific unauthorized transactions referenced above, Defendant Erney also used a Restaurant S.S. company credit card to spend $155,696.25 on personal expenses from Amazon, to purchase $29,365.25 worth of food and beverages at Rehab Bar and Grill, to

purchase $7,975.00 worth of food and beverages at another local bar, Just John, and to purchase $3,943.50 worth of products for himself from Nugenix.

10. In total, Defendant Braasch and Defendant Erney used Restaurant S.S.'s company credit cards to spend more than $1,400,000.00 on expenses that were not authorized by the company managers of Restaurant S.S. Defendant Braasch used the company checking account to regularly pay off company credit card expenses, including the more than $1,400,000.00 in expenses that were not authorized by the company managers of Restaurant S.S.

11. Because Defendant Braasch and Defendant Erney stole a significant amount of money from Restaurant S.S., the small business ran out of money to purchase food and to pay liquor sales taxes and other state taxes. Instead of using Restaurant S.S. funds to pay those expenses—which were necessary to keep the restaurant open—Defendant Braasch and Defendant Erney used Restaurant S.S.'s funds on their own personal expenses. In order to continue their scheme to defraud Restaurant S.S., Defendant Braasch and Defendant Erney worked together to conceal the food and tax debts from the company managers of Restaurant S.S. One concealment method included Defendant Braasch taking out private loans for Restaurant S.S. without the knowledge or approval of the company mangers of Restaurant S.S. Defendant Braasch took out these private loans to conceal from the company managers of Restaurant S.S. the company's budget shortfall that was caused by Defendant Braasch and Defendant Erney's fraud scheme.

12. Based on Defendant Braasch's failure to pay Restaurant S.S.'s taxes, the State of Missouri launched an investigation into Restaurant S.S. To conceal the state's investigation from the company managers of Restaurant S.S.—in an ongoing attempt to conceal the fraud scheme—Defendant Braasch posed as Restaurant S.S. Company Manager P.L. when state investigators

attempted to collect back taxes from Restaurant S.S. By keeping the company managers of Restaurant S.S. in the dark on the state's investigation, Defendant Braasch and Defendant Erney were able to continue stealing thousands of dollars from Restaurant S.S.

## II. Wire Transmissions

13. On or about the dates set forth below, within the Eastern District of Missouri, for the purpose of executing the above-described scheme and artifice to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same,

**MATTHEW BRAASCH, and**
**MARK ERNEY,**

the defendants herein, did knowingly transmit and cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, signals, pictures, or sounds, to wit:

| Count | Defendant | Date | Wire Description |
|---|---|---|---|
| 1 | **Defendant Erney** | 10/02/2021 | Defendant Erney's use of Restaurant S.S.'s company credit card to purchase a couch from Amazon |
| 2 | **Defendant Erney** | 11/19/2021 | Defendant Erney's use of Restaurant S.S.'s company credit card to purchase a couch for himself from Hydeline Furniture |
| 3 | **Defendant Braasch** | 12/31/2023 | Defendant Braasch's use of Restaurant S.S.'s company credit card to purchase clothing for himself at Vineyard Vines |
| 4 | **Defendant Braasch** | 1/2/2024 | Defendant Braasch's use of Restaurant S.S.'s company credit card to purchase Cardinals tickets |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts One – Four, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation.

2. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney