**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cr-00056-RWS |
| | ) | |
| MATTHEW BRAASCH, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA RESPONSE**
**TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by and through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Derek J. Wiseman, Assistant United States Attorney for said District, files this Response to Defendant's Sentencing Memorandum and—pursuant to the parties' plea agreement—respectfully recommends that this Court impose a term of incarceration "within the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court[.]" *See* Doc. 77 ("Plea Agreement"), p. 2.

**BACKGROUND**

Over the course of more than five years, Defendant Braasch told countless lies to defraud a local small business out of over $1,000,000. *See* PSR, ¶ 13. After admitting his conduct and pleading guilty to Wire Fraud, the Presentence Investigation Report ("PSR") calculated the Sentencing Guideline Range for Defendant Braasch as follows: "[b]ased upon a total offense level of 16 and a criminal history category of I, the guideline imprisonment range is 21 months to 27 months." *See* PSR, ¶ 59. The United States is respectfully requesting that this Court impose a sentence within Guidelines range determined by this Court, which is warranted for the reasons included below.

1

**ANALYSIS**

I.     **This Court Should Impose a Guidelines Sentence Based on the Relevant Sentencing Factors.**

Based on the seriousness of his crimes, the lack of any valid mitigating circumstances warranting a downward variance, the need to promote respect for the rule of law, afford adequate deterrence, and protect the public, the United States respectfully requests that this Court impose a Guidelines sentence.

A.     **The Nature and Circumstances of Defendant Braasch's Crimes Make Clear That a Guidelines is Warranted.**

The nature and circumstances of Defendant Braasch's crimes are undeniably serious. There are several factors that make Defendant Braasch's crimes particularly serious. First, the evidence makes clear that Defendant Braasch's fraud scheme was long-running and calculated. Defendant Braasch began to take advantage of his employer's trust when the pandemic hit and then continued his fraud for years thereafter. *See* PSR, ¶ 13. As the evidence reveals, Defendant Braasch's crimes were neither the product of a single, isolated mistake nor a one-time lapse in judgment. The crimes committed by Defendant Braasch were the result of his calculated, years-long effort to defraud the family-owned business that employed him.

Second, Defendant Braasch's fraud caused real and lasting harm. Through his lies and acts of deception, Defendant Braasch stole over one million dollars from a small business. Of the $1.4 million in loss to the victim-restaurant that was reasonably foreseeable to Defendant Braasch, he personally stole the vast majority of those funds—approximately $1,022,211.64. *See* PSR, ¶ 13. The evidence also revealed that Defendant Braasch was the reason why his fraud went undetected for so long. To conceal his fraud, Defendant Braasch told lies to tax collectors and the restaurant's

distributors—all so that his employer could not discover his fraud. In addition, by stealing from those who put their trust in him, Defendant Braasch caused much more than just financial harm.

Third, the timing and motive of Defendant Braasch's crimes are also notable. Importantly, Defendant Braasch decided to steal from a small, family-owned restaurant during the worst pandemic in a generation. Defendant Braasch chose to take advantage of a crises—when many restaurants went under—in order to enrich himself. *See* PSR, ¶ 9. As courts across the country have concluded, that makes Defendant Braasch's crimes particularly serious and warrants a significant punishment. *See United States v. Beasley*, 355 F. App'x 78, 80 (8th Cir. 2009) (affirming an upward variance for a defendant who committed fraud because the defendant's crimes "were long-standing, sophisticated, [and] . . . motivated by greed") (cleaned up); *United States v. Vorotinov*, No. 15-CR-00541, 2021 WL 5833910, at *3 (D. Minn. Dec. 9, 2021) ("As her underlying crime was primarily motivated by greed, the Court takes this conduct very seriously.").

**B.**     **Defendant Braasch's History and Characteristics Further Demonstrate That a Guidelines Sentence is Warranted.**

Nothing in Defendant Braasch's background explains or excuses his crimes. And there are no mitigating factors that warrant a reduction of his sentence. The only mitigating factor listed in the PSR—that Defendant Braasch has no prior criminal history, *see* PSR, ¶ 76—should not serve as the basis for a sentencing reduction. That is because Defendant Braasch's lack of criminal history is already fully accounted for by the Sentencing Guidelines. The Eighth Circuit has repeatedly rejected sentencing reductions "predicated upon characteristics of the individual defendant for which the guidelines calculation already accounts." *United States v. McDonald*, 461 F.3d 948, 954 (8th Cir. 2006). For example, the court in *United States v. Myers*, 439 F.3d 415 (8th

3

Cir. 2006), specifically rejected a sentencing reduction based on a lack of criminal history, which was already accounted for by the Guidelines:

> The only section 3553(a) factor identified by the district court that weighs toward a more lenient sentence is Myers' lack of criminal history. Inasmuch as a guidelines sentence reflects a defendant's criminal history, a wide divergence from the guidelines sentence based solely on this single criterion would conflict with the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

*Id.* at 418. *See also United States v. Claiborne,* 439 F.3d 479, 481 (8th Cir. 2006) (rejecting a variance based upon the defendant's criminal history and other factors for which the guidelines already accounted); *United States v. Morales-Uribe*, 470 F.3d 1282, 1286 (8th Cir. 2006) (reversing and remanding for resentencing where "the district court justified its downward variance by considering the same facts that it considered in finding Morales-Uribe eligible for the § 3553(f) safety-valve"); *United States v. Feemster*, 483 F.3d 583, 589 (8th Cir. 2007) ("The absence of grounds that justify further punishment is not a ground for a downward variance.").

Applied here, Eighth Circuit precedent does not support a sentencing reduction based on Defendant Braasch's lack of criminal history because that fact is already fully accounted for by the Guidelines. Not only is Defendant Braasch's lack of criminal history reflected in his criminal history score, but that same fact also results in a significant decrease in his Guidelines Range with a two-level reduction in his total offense level under U.S.S.G. Section 4C1.1 (the "Zero-Point Offender" reduction). *See* PSR, ¶ 27. Under Eighth Circuit precedent, Defendant Braasch's lack of criminal history should not serve as the basis for a sentencing reduction when it has already resulted in a substantial reduction in his Guidelines Range.

**C.**     **A Guidelines Sentence is Necessary to Promote Respect for the Rule of Law and Afford Adequate Deterrence.**

A Guidelines sentence would send a critically important message to the wider community: that fraud crimes are taken seriously. Federal courts across the country have recognized that "economic and fraud-based crimes" are "more rational, cool, and calculated than sudden crimes of passion or opportunity," and thus these crimes are "prime candidate[s] for general deterrence." *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (citing Stephanos Bibas, White–Collar Plea Bargaining and Sentencing After Booker, 47 Wm. & Mary L.Rev. 721, 724 (2005)). Indeed, the Eleventh Circuit in *Martin* noted that the legislative history of Section 3553 demonstrates that Congress viewed deterrence as "particularly important in the area of white-collar crime . . . even where [the defendant] might themselves be unlikely to commit another offense." *Id.* (emphasis added) (citing S. Rep. No. 98- 225, at 76, 91–92 (1983)). Indeed, "[d]efendants in white collar crimes often calculate the financial gain and risk of loss, and white collar crime therefore can be affected and reduced with serious punishment." *Martin*, 455 F.3d at 1240; *see also United States v. Howard*, 28 F.4th 180, 209 (11th Cir. 2022) ("White collar criminals often calculate the financial gain and risk of loss of their crimes, and an overly lenient sentence sends the message that would-be white-collar criminals stand to lose little more than a portion of their ill-gotten gains and practically none of their liberty.") (internal citations omitted); *United States v. Brown*, 880 F.3d 399, 405 (7th Cir. 2018) (agreeing with the "widely accepted principle" that white collar crimes are "prime candidates for general deterrence"). These principles apply squarely to Defendant Braasch's crimes, which were motivated by greed.

**D.      A Guidelines Sentence Also Avoids Sentencing Disparities Among Defendants Guilty of Similar Conduct.**

This sentencing factor is intended to address national sentencing disparities, and it has been widely recognized that a sentence closely tethered to the Guidelines range is the best way to avoid such disparities. *See e.g.*, *United States v. Smith*, 564 F. App'x 200, 205 (6th Cir. 2014) (stating that "one of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of national sentencing practices") (quotation omitted). Thus, by imposing a Guidelines sentence, this Court will avoid unwarranted sentencing disparities with similarly situated defendants nationwide.

## CONCLUSION

For the foregoing reasons, and pursuant to the plea agreement, the United States is respectfully requesting that this Court impose a sentence within the Guidelines range determined by this Court.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Derek J. Wiseman*
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for the defendant.

<u>/s/ Derek J. Wiseman</u>
DEREK J. WISEMAN #67257MO
Assistant United States Attorney